1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13
14
15

_____
                                                      )
THE SEATTLE AFFILIATE OF THE                          )    No. C04-0860L
OCTOBER 22ND COALITION TO STOP                        )
POLICE BRUTALITY, REPRESSION                          )
AND THE CRIMINALIZATION OF A                          )
GENERATION,                                           )
                                                      )    ORDER DENYING DEFENDANTS'
                           Plaintiff,                 )    MOTION FOR SUMMARY
           v.                                         )    JUDGMENT FOR LACK OF
                                                      )    STANDING
CITY OF SEATTLE, *et al.*,                            )
                                                      )
                           Defendants.                )
_____)

16            This matter comes before the Court on "Defendants' Motion for Summary

17   Judgment for Lack of Standing." Dkt. # 15. Plaintiff Seattle Affiliate of the October 22nd

18   Coalition to Stop Police Brutality, Repression and the Criminalization of a Generation ("the

19   Seattle Affiliate") is the Seattle branch of a national coalition whose purpose is to "shine a

20   spotlight on the epidemic of police brutality, and to give people whose loved ones have been

21   killed by police a platform to speak." Decl. of Daniel DiLeva at ¶ 5 (Dkt. # 30). The Seattle

22   Affiliate alleges that defendants violated its constitutional rights to free speech and due process

23   of law when they rescinded/revised a parade permit and interfered with the marchers' ability to

24   communicate their message to the public. The Seattle Affiliate challenges the constitutionality

25   of SMC § 11.25.020 and SMC Chapter 15.52 *et seq*. both on their face and as applied in this

26

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT FOR LACK OF STANDING

case. Plaintiff seeks a declaration that defendants violated its free speech and due process rights, a permanent injunction prohibiting future violations, actual and nominal damages, and an award of attorney's fees and costs. Defendants seek summary dismissal of all claims on the ground that the Seattle Affiliate lacks standing to pursue this action on its own behalf or as the representative of its participants.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," however, and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Taking the evidence presented in the light most favorable to plaintiff, the Court finds as follows:

(1) Federal Rule of Civil Procedure 17(b)(1) authorizes "unincorporated associations" to

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT FOR LACK OF STANDING         -2-

sue for the purpose of enforcing substantive rights existing under the Constitution. Defendants argue that the Seattle Affiliate is too amorphous a group to be considered an "unincorporated association," noting that the organization has no bylaws, no fixed decision-making structure, and no list of members or participants. While it is clear that the Seattle Affiliate has eschewed the formalities of the corporate form and the notion of official "membership," the organization has existed in Seattle since the mid-1990's, operates as the local affiliate of a national group, participates in publications, events, and rallies designed to highlight incidents of police-related injuries and deaths, and utilizes an egalitarian, volunteer-oriented structure to meet its objectives. Plaintiff is "a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common objective" (Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 820 (9th Cir. 1996)) and may sue as an unincorporated association under Rule 17(b)(1).

(2) Defendants also challenge plaintiff's standing to sue on its own behalf or as the representative of its participants. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). For a plaintiff to bring a claim on its own behalf, it must show that it has suffered some actual or threatened injury as a result of defendants' conduct, that the injury can be traced to the challenged actions, and that a decision in plaintiff's favor is likely to redress the injury. See Presbyterian Church (U.S.A.) v. United States, 870 F.2d 518, 521 (9th Cir. 1989) (quoting Valley Forge Christian College v. Am. United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982)). Defendants argue that the Seattle Affiliate lacks standing to seek any relief because it has not suffered a cognizable injury. Motion at 7.

Plaintiff has alleged that the challenged ordinance vests government officials with unbridled discretion to limit or rescind parade permits and that this discretion was abused in 2003. There is evidence that defendants' decision to require plaintiff to march on the sidewalk

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT FOR LACK OF STANDING           -3-

1 limited the effectiveness of their communication on October 22, 2003, deprived plaintiff of the
2 opportunity to convey its message in the manner it preferred, caused a decline in interest and
3 participation in the Seattle Affiliate, and adversely affected its ability to carry out its mission.  In
4 addition, there is evidence from which one could conclude that plaintiff will be subject to the
5 challenged ordinance every year when it attempts to organize its annual march.  The factfinder
6 could reasonably conclude that the Seattle Affiliate has suffered, and may continue to suffer,
7 organizational harm because defendants' conduct and the likelihood of similar conduct in the
8 future has impaired its ability to carry out its mission of raising awareness regarding police-
9 related injuries and deaths.  The Seattle Affiliate therefore has standing to challenge the relevant
10 municipal code provisions both on their face and as applied and to seek declaratory, injunctive,
11 and monetary relief.

12     (3) Plaintiff has asserted a claim for an award of monetary damages based on its own
13 injuries, not those suffered by its participants.  Because the Seattle Affiliate has standing to sue
14 on its own behalf and because it is not seeking to recover damages on behalf of its members, the
15 Court need not determine whether it may also sue in a representational capacity.  See
16 Presbyterian Church (U.S.A), 870 F.2d at 521 n.5.

17     (4) In their reply memorandum, defendants argue that the Seattle Affiliate has failed to
18 provide evidence regarding the amount of damages suffered and ask that plaintiff's claim for
19 actual damages be dismissed.  This issue was not timely raised: defendants' motion focused on
20 plaintiff's existence and whether plaintiff or its members had suffered an injury in fact.  Plaintiff
21 met these arguments with evidence of its long-term presence in Seattle and the organizational
22 injuries suffered as a result of defendants' actions.  Defendants cannot now seek dismissal
23 because plaintiff failed to quantify the extent of its injuries when that issue was not properly
24 raised in the motion.

25
26
ORDER DENYING MOTION FOR SUMMARY
JUDGMENT FOR LACK OF STANDING          -4-

1   For all of the foregoing reasons, defendants' motion for summary judgment based
2   on a lack of standing is DENIED.

4   Dated this 12th day of December, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT FOR LACK OF STANDING       -5-